IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis Keon Gaston, ) | Criminal Action No.: 4:12-cr-822-RBH-2 |
| Aka Trevis Keon Gaston ) | Civil Action No.: 4:14-cv-1667-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Pending before the Court is Travis Keon Gaston's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 142. Petitioner is represented by the Federal Public Defender's office for purposes of this motion to vacate. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 23, 2012, a federal grand jury returned a three count indictment against Petitioner. *See* Indictment, ECF No. 2. The indictment charged Petitioner with three firearm offenses. *See id*. at 1–4.

On May 29, 2013, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 77. In the plea agreement, Petitioner agreed to plead guilty to Count 2 of the indictment, and in exchange the Government agreed to move for a downward departure pursuant to United

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

States Sentencing Guideline ("USSG") § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b) if it deemed Petitioner's cooperation to constitute substantial assistance. *See id.* at 6–7. On September 11, 2013, the Court sentenced Petitioner to a total term of 92 months. *See* Minute Entry, ECF No. 120; Judgment, ECF No. 123.

An appeal has not been filed in this matter. However, on April 25, 2014, Petitioner filed the instant Motion to Vacate. *See* ECF No. 142. At the Government's request, the matter was stayed pending the Fourth Circuit's *en banc* review of the panel's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision in *Whiteside*, *see* 775 F.3d 180 (4th Cir. 2014). Accordingly, on December 29, 2014, the Court lifted the stay and directed the Government to file a response. The Government filed a motion to dismiss Petitioner's motion to vacate on January 9, 2015. *See* ECF No. 152.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**:  The defendant was erroneously found to have a prior conviction for a crime of violence, ABHAN, thereby increasing his offense level under U.S.S.G. Section 2K2.1 to Offense Level 20.

ECF No. 142 at 5.

## APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).  An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue."  *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)).  However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record."  *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007).  Conclusory allegations contained within affidavits do not require a hearing.  *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007).  "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## ANALYSIS

Petitioner contends that in light of the original panel decision in *Whiteside*, *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), his base offense level was incorrectly determined due to the conclusion that his prior conviction for Assault and Battery of a High and Aggravated Nature ("ABHAN") was a crime of

3

violence.  *See* ECF No. 142-1 at 1.  Petitioner contends that, based on the panel's ruling in *Whiteside*, his claim is cognizable on collateral review under § 2255.  *See generally id.* at 2–4.

As previously noted, the Government requested that this matter be stayed while it sought rehearing *en banc* of the panel decision in *Whiteside*, which the Court granted.  *See* Mot., ECF No. 46; Text Order, ECF No. 47.  In *Whiteside*, the Petitioner filed a motion to vacate, set aside, or correct his sentence, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not qualify as a career offender and that he should be resentenced without the enhancement. *See* 748 F.3d at 544–45.  The petition, however, was untimely as it was filed more than a year after the conviction became final.  *See id.*  Nevertheless, the court determined that the statute of limitations should be equitably tolled because Whiteside was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*."  *Id.* at 548.  The court then examined whether Whiteside's challenge was cognizable on collateral review and determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review."  *Id.* at 552.

The Government filed a petition for rehearing *en banc*, which the Fourth Circuit granted on July 10, 2014.  *See* 578 Fed. App'x 218 (4th Cir. 2014).  On December 19, 2014, the Fourth Circuit issued its *en banc* decision affirming the District Court's dismissal of Whiteside's petition as untimely.  *See* 775 F.3d 180.  The court found that Whiteside's statute of limitations had expired, equitable tolling did not apply, and dismissal of the petition was appropriate.  The court rejected Whiteside's argument that the petition was timely under 28 U.S.C. § 2255(f)(4), finding that *Simmons* was a change in law, not a new fact.  *See id.* at 183.  Moreover, the Court found that equitable tolling did not apply because "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success."  *Id.* at 186.  § 2255(f)(3)

4

governs when tolling would lie as a result of a change in law, and only applies where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Having found that the petition was untimely, the Court did not address the "fundamental miscarriage of justice" analysis of the panel. *See generally id.* However, in light of the *en banc* decision, the panel's decision has been vacated.

Accordingly, the Government filed a response to Petitioner's motion to vacate asserting that it should be dismissed. First, the Government argues that the Petition raises a claim that is not cognizable under § 2255, as an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. *See United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999). Next, the Government argues that the Petition should be dismissed because Petitioner's claim is procedurally defaulted. The government notes that, because § 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a § 2255 Petition and will be considered procedurally barred. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Finally, the Government notes that Petitioner waived the right to attack his conviction and sentence pursuant to § 2255. The Government notes that this waiver is enforceable so long as it was the result of a knowing and intelligent decision. *See United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).

The Court agrees with the Government that Petitioner's petition should be dismissed. The Court will address procedural default first. As the Supreme Court has explained:

> The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings.

5

> (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'"

*Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02–6242, 2002 WL 1932522, at *1 (4th Cir. Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255."). Unless petitioner can show that the ground for error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion without a showing of: (1) cause for not raising the ground on direct appeal and (2) actual prejudice resulting from the alleged error, that is, alternatively, that petitioner is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 621 (1998). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). As the Government correctly noted, Petitioner has made no attempt to show cause and prejudice to excuse his procedural default.

Moreover, even if Petitioner's claims were not procedurally defaulted, the Court also agrees with the Government that they are not cognizable on collateral review. As the Fourth Circuit has explained, "[b]arring extraordinary circumstances . . ., an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *Pregent*, 190 F.3d at 283–84; *see also United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) ("[Guidelines] claims ordinarily are not cognizable on in § 2255 proceedings."). The Fourth Circuit has specifically found that an alleged error in calculating a defendant's guideline range cannot surmount 2255's procedural bar where the Petitioner received a sentence that did not exceed the statutory maximum. *See* 28 U.S.C. § 2255(a); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999). Here, Petitioner faced a maximum term of imprisonment of 10

years. *See* PSR, ECF No. 106 at 22 (citing 18 U.S.C. §§ 922(g)(1) and 924(a)(2)). At sentencing, he received 92 months, which is a little over 7.5 years. *See* Judgment, ECF No. 123. Thus, his sentence did not exceed the statutory maximum.

Finally, Petitioner waived his right to collaterally attack his conviction and sentence in his plea agreement. *See* ECF No. 77 at ¶ 14. A waiver of a § 2255 provision in a valid plea agreement is enforceable, so long as it was the result of a knowing and voluntary decision. *See Cohen*, 459 F.3d at 494; *Wiggins*, 905 F.2d at 53. This is evaluated under the totality of the circumstances, but determination is often made based on the adequacy of the plea colloquy. *See United States v. Blink*, 408 F.3d 162, 169 (4th Cir. 2005). The Court routinely colloquies defendants regarding waivers of appeal and waivers of the right to collaterally attack a conviction. Here, neither party has challenged the adequacy of the Court's plea colloquy of Petitioner, or suggested that Petitioner's waiver was not knowing and voluntary. Accordingly, the Court agrees with Respondent that Petitioner's plea waiver was knowing and voluntary, and thus his motion to vacate is barred by the waiver provision in the plea agreement.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional

7

right.  *Slack*, 529 U.S. at 484–85.  In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*.  **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 7, 2015